UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD L. ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-01822-JMS-KMB |
| | ) |
| JOHN HEFLIN, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Emergency Restraining Order**

Plaintiff Ronald Rose is incarcerated at New Castle Correctional Facility. He alleges in this case that the defendants have been deliberately indifferent to his need for treatment for persistent chronic asthma. He has filed a motion seeking an order barring his transfer to any facility that his not climate controlled and does not have a statewide protective custody unit.

**I. Standard**

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See International Profit Associates, Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). Given the substance of the relief sought, the motion for an emergency restraining order is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Plaintiff is proceeding on claims regarding his medical care, not claims based on his prison placement. Further, Indiana Department of Correction officials responsible for his placement are not defendants in this case. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol.*

*Mines*, 325 U.S. at 220). Plaintiff must pursue his placement claims through the IDOC grievance process, and, if necessary, by filing a separate lawsuit.

## II. Conclusion

Because Plaintiff's request for injunctive relief is outside the scope of the claims proceeding in this action and is based on conduct by non-defendants, his motion for an emergency restraining order, dkt. [120], must be **denied**. The **clerk is directed**, however, to mail a copy of Plaintiff's motion, dkt. [120], and this Order to Mr. Rose's custodian and the Indiana Department of Correction Director of Classification.

**IT IS SO ORDERED.**

Date: 3/13/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD L. ROSE
213041
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel

Warden
New Castle Correctional Facility
1000 Van Nuys Road
PO Box E
New Castle, IN 47361

Director of Classification
Indiana Department of Correction
E334 Indiana Government Center South
302 W. Washington Street
Indianapolis, IN 46204